**ORIGINAL**

Stephen M. Spinella, Bar No. 144732
SOLOMON, GRINDLE, SILVERMAN & SPINELLA
A Professional Corporation
12651 High Bluff Drive, Suite 300
San Diego, CA 92130
Telephone: (858) 793-8500
Facsimile: (858) 793-8263

Attorneys for Plaintiff
LA JOLLA COVE INVESTORS, INC.

FILED
08 JAN 25 PM 4:07
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LA JOLLA COVE INVESTORS, INC., a California corporation, <br><br> Plaintiff, <br><br> vs. <br><br> BROOKWOOD CONSULTING aka BROOKWOOD CONSULTING, LLC, an Oklahoma limited liability company; DAVID MICHAEL HOLBROOK, an individual, <br><br> Defendants. | Case No.: '08 CV 0156 BEN CAB <br><br> COMPLAINT FOR MONEY: <br><br> 1. Breach of Contract <br> 2. Intentional Misrepresentation <br><br> (DEMAND FOR JURY TRIAL |

Plaintiff, La Jolla Cove Investors, Inc., a California corporation ("Plaintiff") complains and alleges as follows:

## I.
## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action and venue is proper in this Court because the sum in controversy in excess of $75,000 is between citizens of different states such that there is complete diversity under 28 U.S.C.A. § 1332. Venue is proper in the above-captioned court in that the contracts which is the genesis of the parties' relationship stipulates venue in San Diego.

///



## II.

## **GENERAL ALLEGATIONS**

2. Plaintiff is, and at all times mentioned herein was, a California corporation, with its principal place of business in La Jolla, California.

3. Plaintiff is informed and believes, and based thereon alleges, that Brookwood Consulting, also known as Brookwood Consulting, LLC ("Brookwood") is, and at all times mentioned herein was, an Oklahoma limited liability company. Plaintiff is further informed and believes that Defendant, David Michael Holbrook ("Holbrook"), is a natural person.

4. Defendants Brookwood and Holbrook are, and at all times mentioned herein were, the agents and employees of each other, acting within the course and scope of said agency and employment and with the permission, consent and knowledge of their Co-Defendants.

5. On or about January 29, 2007, in the city of San Diego, county of San Diego, state of California, Defendant Brookwood, entered into a Stock Sale Agreement (the "Stock Sale Agreement") with Plaintiff, whereby Defendant Brookwood, among other things, agreed to sell 5,525,000 shares of stock (the "Stock") of Chilmark Entertainment Group, Inc. (an entity which has since been merged with and into Integrated Bio Energy Resources, Inc.) to Plaintiff for a sales price equal to between 65% and 85% of the subsequent net sales proceeds from the sale of the Stock over a specified period, depending upon the ultimate sales proceeds realized upon the sale of the Stock (such sales price to be paid to Defendant Brookwood referred to herein as the "Purchase Price"). Plaintiff made an initial purchase price advance to Defendant Brookwood of $135,362.50. A true and correct copy of the Stock Sale Agreement, including an addendum executed thereto, is attached hereto as Exhibit 1 and incorporated herein by this reference.

6. The Stock Sale Agreement provides, among other things, that in the event that the Purchase Price is less than the amount of the initial purchase price advance of $135,362.50 paid by Plaintiff to Defendant Brookwood under the Stock Sale Agreement, Defendant Brookwood will owe to Plaintiff the difference between such amounts. The Stock Sale Agreement also provides that any amounts due that are not paid within 5 business days shall accrue interest at the rate of 9.75% per annum.

7. Defendant Brookwood did not make any of the required payments to Plaintiff under the Stock Sale Agreement.

8. As of September 17, 2007, Defendant Brookwood owed Plaintiff the sum of $99,839.14, no portion of which has been paid. This amount is calculated as follows:

 a. the initial purchase price advance paid by Plaintiff to Defendant Brookwood of $135,362.50; less

 b. $35,523.36 (65% of the net sales proceeds of $54,651.33 from the sale of the Stock due to Brookwood under the Stock Sale Agreement as the purchase price for the Stock).

9. Plaintiff has duly performed all covenants, conditions and promises on its part to be performed under the Stock Sale Agreement, except for those covenants, conditions and promises it was excused from performing or justified in failing to perform.

10. Pursuant to the terms of the Stock Sale Agreement, the prevailing party in any action shall be entitled to recover all reasonable attorneys' fees and court costs. Plaintiff has been required to retain the services of a qualified attorney licensed to practice law in the State of California to commence this action against Defendant Brookwood to enforce its rights under the Stock Sale Agreement.

### III.

### FIRST CAUSE OF ACTION

**Breach of Contract - Defendant Brookwood**

11. Plaintiff realleges and hereby incorporates Paragraphs 1 through 10, inclusive, as though fully set forth herein.

12. Plaintiff is informed and believes that at all times herein mentioned Defendant Brookwood had entered into the Stock Sale Agreement with Plaintiff whereby, among other things, Defendant Brookwood agreed to pay Plaintiff certain amounts as specified in the Stock Sale Agreement.

13. Plaintiff is informed and believes it has performed all covenants, conditions and promises required of it to be performed in accordance with the terms and conditions of the Stock Sale Agreement, except for those covenants, conditions and promises it was excused from performing or justified in

failing to perform.

14. Beginning at the date prior to, but within four years of, filing this Complaint, Defendant Brookwood breached the Stock Sale Agreement with Plaintiff by failing to pay the amounts due thereunder.

15. As a direct and proximate result of Defendant Brookwood's breach of the Stock Sale Agreement, Plaintiff has been damaged in the amount of $99,839.14 plus interest on such amount from September 17, 2007, at the rate of 9.75% per annum.

## IV.

## SECOND CAUSE OF ACTION

### Intentional Misrepresentation - Defendant Holbrook

16. Plaintiff realleges and hereby incorporates Paragraphs 1 through 15, inclusive, as though fully set forth herein.

17. Prior to Plaintiff agreeing to enter into the Stock Sale Agreement, Defendant Holbrook warranted and represented to Plaintiff, as a material inducement for Plaintiff to advance funds to Defendant Brookwood under the Stock Sale Agreement, that Defendant Brookwood had available assets and would pay any amounts that may become payable to Plaintiff under the Stock Sale Agreement.

18. Plaintiff is informed and believes, and based thereon alleges, that Defendant Holbrook's representations and warranties were false and misleading in that Defendant Brookwood was unlikely to repay any amount payable to Plaintiff under the Stock Sale Agreement and that due to the financial condition of Defendants Brookwood, Plaintiff would be unlikely to recoup any amounts owed to Plaintiff under the Stock Sale Agreement.

19. Plaintiff reasonably and justifiably relied on the promises and representations of Defendant Holbrook in taking the acts and furnishing the consideration set forth herein. Plaintiff was unaware of the falsity of such representations and would not have taken the actions identified herein if it knew the true facts and circumstances.

20. The false representations made by Defendant Holbrook were known to be false and fraudulent when made, were motivated by malice, and were made with intent to induce Plaintiff's

justifiable reliance thereon.

21. Plaintiff has been directly and proximately damaged by reason of Defendant Holbrook's fraudulent, wrongful conduct in that it would not have provided payment to Defendant Brookwood and it would not have entered into the Stock Purchase Agreement had it known the true facts that were concealed and/or misrepresented by Defendant Holbrook.

22. In engaging in the conduct as hereinabove described, Defendant Holbrook acted with malice, fraud and oppression and/or in conscious disregard of Plaintiff's rights, and intended to subject Plaintiff to cruel and unjust hardship, thereby warranting an assessment of punitive damages in an amount to punish Defendant Holbrook and deter others from engaging in similar conduct.

## V.

## **PRAYER**

WHEREFORE, Plaintiff La Jolla Cove Investors, Inc. prays for judgment against Defendants Brookwood and Holbrook as follows:

A. As to Defendant Brookwood, for damages in the amount of $99,839.14 plus interest on such amount from September 17, 2007, at the rate of 9.75% per annum.

B. As to Defendant Holbrook, for damages in the amount of $99,839.14 plus interest on such amount from September 17, 2007, at the rate of 9.75% per annum, and exemplary and punitive damages in an amount sufficient to deter Defendant Holbrook and others similarly situated from such conduct.

C. For costs of suit incurred herein, including reasonable attorneys' fees.

///
///
///
///
///
///
///

1  D. For such other and further relief as the Court deems proper.

2

3  DATED: January 23, 2008                    Respectfully submitted,

4                                             SOLOMON, GRINDLE, SILVERMAN & SPINELLA

5

6                                             By: _____
7                                             Stephen M. Spinella
                                              Attorneys for Plaintiff,
8                                             LA JOLLA COVE INVESTORS, INC.

## TABLE OF CONTENTS - EXHIBITS

EXHIBIT 1 - STOCK SALE AGREEMENT                                          PAGES 1-6

## TABLE OF CONTENTS - EXHIBITS

EXHIBIT 1 - STOCK SALE AGREEMENT                                          PAGES 1-6

**EXHIBIT 1**

## STOCK SALE AGREEMENT

THIS AGREEMENT is made and entered into this 29 of January, 2007, by and between Brookwood Consulting ("Seller") and La Jolla Cove Investors, Inc., a California corporation ("Purchaser");

WHEREAS, Seller is the record owner and holder of 5,525,000 shares of Stock (the "Stock") of Chilmark Entertainment Group, Inc. (the "Corporation"), which shares of Stock are freely tradable and not subject to sale pursuant to Rule 144 under the Securities Act of 1933, (the "Act"); and

WHEREAS, the Purchaser desires to purchase said Stock and the Seller desires to sell said Stock, upon the terms and subject to the conditions hereinafter set forth.

NOW, THEREFORE, in consideration of the mutual covenants and agreements contained in this Agreement, and for good and valuable consideration, the receipt of which is hereby acknowledged, and in order to consummate the purchase and the sale of the Stock aforementioned, it is hereby agreed as follows:

1. PURCHASE AND SALE. Subject to terms and conditions hereinafter set forth, at the closing of the transaction contemplated hereby, the Seller shall sell, convey, transfer, and deliver to the Purchaser the Stock, and the Purchaser shall purchase from the Seller the Stock in consideration of the Purchase Price set forth in this Agreement. The Stock may be delivered via DTC or the certificates representing the Stock shall be duly endorsed for transfer or accompanied by appropriate Stock transfer powers duly executed. Seller also shall provide Purchaser with a legal opinion relating to the Stock, stating that the Stock has been properly and legally issued by the Corporation, may be transferred to Purchaser and sold by Purchaser without limitation.

2. AMOUNT AND PAYMENT OF PURCHASE PRICE.

　　(a) The total consideration and method of payment thereof are set forth in Exhibit A attached hereto and made a part hereof.

　　(b) In the event that the Purchase Price is less than the amount of the Advances made by Purchaser, Seller will owe, and hereby agrees to pay, to Purchaser the difference between the amount of the Advances and the Purchase Price. See Exhibit A for the computation of the Purchase Price and Advances.

3. REPRESENTATIONS AND WARRANTIES OF SELLER. The Seller makes the following representations and warranties:

　　(a) Seller is not a party to any agreement, written or oral, creating rights with respect to the Stock in any third person or relating to the voting of the Stock;

　　(b) Seller is the lawful owner of the Stock, free and clear of all security interests, liens, encumbrances, equities and other charges.

Initials TW H                          1                          Initials MH

EXHIBIT -1

(c) The Stock is not subject, in any respect, to Rule 144 under the Securities Act of 1933.

(d) Seller is unaware of any information that would adversely affect the price of the Stock in the foreseeable future.

4. **REPRESENTATIONS AND WARRANTIES OF SELLER AND PURCHASER.**

(a) Seller and Purchaser hereby represent and warrant that there has been no act or omission by Seller, Purchaser or the Corporation, which would give rise to any valid claim against any of the parties hereto for a brokerage commission, finder's fee, or other like payment in connection with the transactions contemplated hereby.

(b) Seller and Purchaser represent they each have full authority to enter into this transaction.

5. **SELLING PROVISIONS.**

(a) No Stock may be sold in the 60 days following the date hereof.

(b) Following the period in 5(a), Purchaser shall sell an amount equal to less than 20% of the daily volume (which may be cumulated), unless the Seller gives permission to sell more.

(c) In the event that the Stock trades at a price that is equal to 85% of the Value or below, 5(a) and (b) shall no longer be applicable and Purchaser shall have the right, without notice to Sellers, to sell the position without volume limitations, regardless of whether the Stock again trades at a price that is higher than 85% of the Value.

(d) Purchaser will provide Sellers with an accounting for all transactions involving the sale of the Stock.

6. **NOTICES.** All notices, requests, demands or other communications required or permitted hereunder shall be in writing and shall be delivered personally, or sent by telecopier machine or by a nationally recognized overnight courier service, and shall be deemed given when so delivered personally, or by telecopier machine or overnight courier service as follows:

Purchaser:
La Jolla Cove Investors, Inc.
7817 Herschel Avenue, Suite 200
La Jolla, CA 92037
Facsimile: 858-551-8779

Seller:
Brookwood Consulting
3126 South Blvd., Suite 264
Edmond, OK 73013
Facsimile: 413-639-1128

7. **GENERAL PROVISIONS**

(a) <u>Entire Agreement; Modifications; Waiver.</u> This Agreement constitutes the entire agreement between the parties pertaining to the subject matter contained in it, except for any other agreements referenced herein. This Agreement supersedes all prior and contemporaneous agreements (other than those entered into in writing simultaneously with this Agreement),

Initials TWH                    2                    Initials All

representations, and understandings of the parties. No supplement, modification, or amendment of this Agreement shall be binding unless executed in writing by all the parties. No waiver of any of the provisions of this Agreement shall be deemed, or shall constitute, a waiver of any other provisions, whether or not similar, nor shall any waiver constitute a continuing waiver. No waiver shall be binding unless executed in writing by the party making the waiver.

(b) <u>Counterparts</u>. This Agreement may be executed in one or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instruments. Facsimile execution shall be deemed originals.

(c) <u>Severability</u>. Each term, covenant, condition or provision of this Agreement shall be viewed as separated and distinct, and in the event that any such term, covenant, condition or provision shall be held by a court of competent jurisdiction to be invalid, the remaining provisions shall continue in full force and effect.

(d) <u>Necessary Acts</u>. Each party to this Agreement agrees to perform any further acts and execute and deliver any further documents that may be reasonably necessary to carry out the provisions of this Agreement.

(e) <u>Interest</u>. At such time that money is either due to Seller or Purchaser, and if such amount is not paid within five business days, then that amount shall accrue interest at the rate of nine and three-quarters percent (9 ¾%) per annum.

(f) <u>Attorneys' Fees</u>. Should any party hereto employ an attorney for the purpose of enforcing or constituting this Agreement, or any judgment based on this Agreement, in any legal proceeding whatsoever, including insolvency, bankruptcy, arbitration, declaratory relief or other litigation, the prevailing party shall be entitled to receive from the other party or parties thereto reimbursement for all reasonable attorneys' fees and all reasonable costs, including but not limited to service of process, filing fees, court and court reporter costs, investigative costs, expert witness fees, and the cost of any bonds, whether taxable or not, and that such reimbursement shall be included in any judgment or final order issued in that proceeding. The "prevailing party" means the party determined by the court to most nearly prevail and not necessarily the one in whose favor a judgment is rendered.

(g) <u>Stop Transfer Order</u>. In the event that any type of stop transfer order is given to the Corporation's transfer agent regarding the Stock and, as a result thereof, Purchaser is unable to sell any portion of the Stock, the parties acknowledge that Purchaser will incur substantial damages as a result thereof, and Seller agrees to pay liquidated damages to Purchaser in the amount of 25% of the Initial Advance, which shall be in addition to all other obligations of Seller hereunder.

(h) <u>Short Selling</u>. So long as this Stock Sale Agreement is in effect, Purchaser agrees and covenants on its behalf and on behalf of its affiliates that neither Purchaser not its affiliates shall at any time engage in any short sales with respect to the Corporation's common stock, or sell put options or similar instruments with respect to the Corporation's common stock.

(i) <u>Time of Essence</u>. Time is of the essence in the performance of all obligations under this Agreement.

Initials _TWH_     3     Initials _MH_

(j) <u>Governing Law.</u> The parties expressly agree that the laws of the State of California shall govern the validity, performance and enforcement of this Agreement. Should either party institute legal suit or action for enforcement of any obligation contained herein, it is hereby agreed that the California courts shall have personal and in rem jurisdiction, and that venue of such suit or action shall be in the downtown branch of the courts of San Diego County, California.

(k) <u>Jury Trial Waiver.</u> To the fullest extent permitted by law, each of the parties hereto hereby knowingly, voluntarily and intentionally waives its respective rights to a jury trial of any claim or cause of action based upon or arising out of this Agreement or any other document or any dealings between them relating to the subject matter of this Agreement and other documents.

IN WITNESS WHEREOF the parties have executed this Stock Sale Agreement effective as of the day and year first above written.

SELLER:
Brookwood Consulting

By: _____

Its: _Managing Partner_

La Jolla Cove Investors, Inc.

By: _____

Its: _PORTFOLIO MGR_

Initials _TWH_    4    Initials _AH_

# EXHIBIT A
## AMOUNT AND PAYMENT OF PURCHASE PRICE

1. **Amount.** As total consideration for the purchase and sale of the Stock pursuant to this Agreement, the Purchaser shall ultimately pay to the Sellers the following amount (the "Purchase Price"):

    a) if the Net Sales Proceeds are greater than 140% of the Value multiplied by the number of shares of the Stock, an amount equal to 85% of the Net Sales Proceeds of the Stock;

    b) if the Net Sales Proceeds are between 75% and 140% of the Value multiplied by the number of shares of the Stock, an amount equal to 75% of the Net Sales Proceeds of the Stock;

    c) if the Net Sales Proceeds are less than 75% of the Value multiplied by the number of shares of the Stock, an amount equal to 65% of the Net Sales Proceeds of the Stock.

Net Sales Proceeds means the gross proceeds received from the sale of the Stock, less reasonable brokerage commissions.

2. **Payment.** The Purchase Price shall be paid as follows:

Value means the lower of (a) the low price of the Stock the trading day prior to the date the Stock is received by Equity Station, Inc. in saleable form, or (b) the average of the low prices for the 5 trading days prior to the date the Stock is received by Equity Station, Inc. in saleable form.

Initial Advance: The lesser of: (a) $250,000, or (b) 40% of the Value of the Stock, shall be advanced by Purchaser to Seller upon Equity Station, Inc. being in receipt of the Stock in saleable form, registered in the name of Purchaser. Advances means the Initial Advance and all other advances made by Purchaser to Seller during the term of the Agreement.

The remainder of the Purchase Price will be paid (after all of the Stock has been sold) by Purchaser to Seller, or reimbursed by Seller to Purchaser, dependent on a final calculation of the Purchase Price of the Stock, taking into account the Advances to Seller and any other funds paid by either party to the other during the term of the Agreement.

**Payment Examples:** For the following examples, assume the Value of the Stock to be $0.10 per share. The Initial Advance would be $221,000 (5,525,000 shares x $0.10 x 40%).

1) If the average net sale price received by Purchaser in its sales of the Stock were $0.20 per share, Purchaser would immediately wire $718,250 to Seller (5,525,000 shares x $0.20 x 85% - $221,000 = $718,250), thus bringing the total amount paid to Seller to $939,250.

2) If the average net sale price were $0.10 per share, Purchaser would immediately wire $414,375 to Seller (5,525,000 shares x $0.10 x 75% - $221,000 = $193,375), thus bringing the total amount paid to Seller to $414,375.

3) If the average net sale price were $0.05 per share, Seller would immediately wire $41,438 to Purchaser (5,525,000 shares x $0.05 x 65% - $221,000 = -$41,438), thus bringing the total amount paid to Seller to $179,562.

Initials TWH       5       Initials AA

## ADDENDUM TO STOCK SALE AGREEMENT

This Addendum to Stock Sale Agreement ("Addendum") is entered into as of the 31 day of January 2007 by and between Brookwood Consulting ("Seller"), and La Jolla Cove Investors, Inc., a California corporation ("Purchaser").

WHEREAS, Purchaser and Seller are parties to that certain Stock Sale Agreement dated as of January 29, 2007 ("Stock Sale Agreement"); and

WHEREAS, the parties desire to amend the Stock Sale Agreement in certain respects.

NOW, THEREFORE, in consideration of the mutual promises and covenants contained herein, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, Seller and Purchaser agree as follows:

1. All terms used herein and not otherwise defined herein shall have the definitions set forth in the Stock Sale Agreement.

2. The Initial Advance shall be $135,362.50.

3. The remainder of the Purchase Price will be paid, after Purchaser has received Net Sales Proceeds equal to the Initial Advance, plus Purchaser's portion of Net Sales Proceeds of the Initial Advance, on a bi-weekly basis in accordance with the terms hereof until such time as the entire Purchase Price has been paid by Purchaser to Seller, or reimbursed by Seller to Purchaser, dependent on a final calculation of the Purchase Price of the Stock, taking into account the Advances to Seller and any other funds paid by either party to the other during the term of the Agreement.

4. Except as specifically amended herein, all other terms and conditions of the Stock Sale shall remain in full force and effect.

IN WITNESS WHEREOF, Seller and Purchaser have caused this Addendum to be signed by its duly authorized officers on the date first set forth above.

Brookwood Consulting

By: _[signature]_
Name: _[signature]_
Title: Gn Manager

La Jolla Cove Investors, Inc.

By: _[signature]_
Name: TRAVIS HUFF
Title: PORTFOLIO MGR

**ORIGINAL**

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
LA JOLLA COVE INVESTORS, INC., a California corporation

**(b)** County of Residence of First Listed Plaintiff: San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Stephen M. Spinella, Esq., Solomon, Grindle, et al., 12651 High Bluff Drive, Suite 300, San Diego, CA 92130; (858) 793-8500

## DEFENDANTS
BROOKWOOD CONSULTING; MICHAEL HOLBROOK, an individual

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

FILED
08 JAN 25 PM 4 10
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY: _____ DEPUTY

'08 CV 0156 BEN CAB

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☒ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / **Habeas Corpus:** | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 530 General | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 540 Mandamus & Other | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights / ☐ 550 Civil Rights | | | |
| | / ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. § 1332
Brief description of cause:
Breach of contract; fraud

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____  DOCKET NUMBER _____

DATE: 01-23-08
SIGNATURE OF ATTORNEY OF RECORD: [signature]

**FOR OFFICE USE ONLY**
RECEIPT # 146879  AMOUNT $350  1/25/08 BY  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

```
         UNITED STATES
         DISTRICT COURT
     SOUTHERN DISTRICT OF CALIFORNIA
           SAN DIEGO DIVISION

     # 146879      - BH
     * * C O P Y * *
       January 25, 2008
          16:10:09


       Civ Fil Non-Pris
USAO #.: 08CV0156 CIVIL FILING
Judge..: ROGER T BENITEZ
Amount.:                  $350.00 CK
Check#.: BC# 7647



        Total-> $350.00


FROM: LA JOLLA COVE INVESTORS V.
      BROOKWOOD CONSULTING
      CIVIL FILING
```